## Homer J. Mentor v. The People.

*Information : Signature : Verification : Prosecuting attorney.* Whether an information not signed by the prosecuting attorney, though verified by an affidavit signed by him, is valid:—*Quære?*

*Information : Signature of prosecuting attorney : Amendments.* Whether, upon objection to such an information for want of such signature, it is not competent to allow the prosecuting attorney at once to amend the same by attaching his signature:—*Quære?*

*Information : Plea of not guilty : Motion to quash.* One who has pleaded not guilty to an information cannot afterwards regularly move to quash it; yet the court might, in its discretion, permit it; and the effect of such a motion would be a withdrawal of the plea with a right to renew it in case the motion were denied; but where such motion prevails, whether rightly or not, the defendant cannot be said to have been in jeopardy upon the information.

*Information : Motion to quash : Jurisdiction.* Upon an information being quashed upon defendant's motion, as no information, the court does not lose jurisdiction of the prisoner, but the case stands in all respects as if no information had before been filed; and the complaint before the justice, his warrant, commitment, and return would still remain of the same force and virtue as the basis for an information as if none had before been presented.

*Information : Verification : Prosecuting attorney.* The purpose of a verification of an information is merely to secure good faith and to guard against groundless and vindictive prosecutions; and a verification by the affidavit of the prosecuting attorney that he knows its contents and "believes the same to be true as therein set forth," is held sufficient.

*Heard July 15. Decided July 21.*

Error to Van Buren Circuit.

*Charles L. Fitch,* for plaintiff in error.

*Isaac Marston, Attorney General,* for the People.

CHRISTIANCY, J.

The defendant below, plaintiff in error, was brought before a justice upon a warrant issued upon a sworn complaint and examination of the prosecuting attorney of Van Buren county, upon a charge of bigamy. The complaint and warrant were in due form.

The complaint being read to the defendant before the justice, he waived an examination, and in default of five hundred dollars bail was committed to prison to await the sitting of the circuit court.

At the first term of the circuit court thereafter the prosecuting attorney presented an information in due form for the offense, which, however, he did not sign, though he attached to it an affidavit in which he swears that he verily believes it to be true.

The defendant, being arraigned upon this information, pleaded thereto not guilty, and it appearing that he was in indigent circumstances, and the court having assigned him counsel, that counsel, two days after, moved to quash the information, and after argument of the motion the circuit court granted the motion, and quashed the information for the reason that it was not signed by the prosecuting attorney, but giving the prosecuting attorney leave to file a new information, which he did; and the defendant being arraigned upon it, and asked to plead, refused so to plead; whereupon the court directed the plea of not guilty to be entered, and proceeded to try the cause; and the defendant was convicted and sentenced to imprisonment in the state prison.

When the prosecuting attorney offered evidence upon the trial to prove the offense, it was objected to on the ground that no evidence was admissible under the information, because: *first,* one information had already been filed in the cause and quashed, whereby the court was deprived of jurisdiction of the person of the defendant, and the court could not recover the jurisdiction by giving the prosecuting attorney leave to file a new information; *second,* because the defendant had never been arrested upon any complaint charging him with the commission of any offense against the laws of this state, nor had ever waived any examination thereon; *third,* for a reason not now relied upon; and, *fourth,* that the information is not sufficiently verified. Upon these objections errors are assigned.

We see no ground for the first objection, nor for the second, which grows out of and rests upon it. It is not necessary here to determine whether the first information was valid without the formal signature of the prosecuting attorney, or whether his signature to the affidavit might

have been treated as a signature to the information,—though the statute expressly requires both the signature to the information and a verification of it by affidavit (*Comp. L. of 1871*, §§ *7938, 7939*); and for myself I am inclined to think that one cannot be made to supply the place of the other,—nor is it necessary to decide whether, upon the objection being made, the prosecuting attorney might not at once have been properly allowed to amend by attaching his signature.—*2 Bishop Cr. Pr.*, § *718*.

The defendant was never put upon trial upon the first information; and though he had pleaded not guilty to it, and could not regularly after that, move to quash, yet the court might indulge him as a favor, as it did, and allow him after this to make the motion; this, when made, was a virtual withdrawal of the plea, with a right to renew it, should the motion be decided against him. But it was decided in his favor; he was never in jeopardy upon it, if it was good and valid.

And had this been an indictment, when the motion to quash was made by defendant, the prosecuting attorney might at once, with the leave of the court, if in any doubt of its sufficiency, have entered a *nol. pros.*, and proceeded to procure a new indictment, though the first might in fact have turned out to be good.

This information being quashed on the defendant's motion, as no information, the case stood in all respects as if none had before been filed.

The complaint before the justice, his warrant, commitment and return were still of the same force and virtue as the basis for an information as if that which had been quashed had never been presented. And it would have been a simple outrage upon public justice to have discharged the prisoner, without giving the prosecutor an opportunity to file an information upon the offense for which the prisoner stood committed.

The court had lost no jurisdiction of the prisoner by the void or defective information which had been quashed.

The second information was for the identical offense for which the defendant had been arrested and committed, and the preliminary examination for which he had waived, and not for any new or other offense.

As to the last point, the verification of the information by the prosecuting attorney, his affidavit is in these words: "that he knows the contents of the above information and believes the same to be true as therein set forth."

It is true that this affidavit does not, like that in *Washburn v. The People, 10 Mich., 372*, say that he "has good reason to believe, and does believe," etc.; but when we consider the purpose for which his verification is required, that it is not for any purpose of evidence to be weighed or passed upon, but merely to secure good faith in the institution of the proceedings, and to guard against groundless and vindictive prosecutions—*10 Mich., 386, 387*—I think this object of the statute is fairly met, and the verification should be held sufficient.

The distinction in such a connection and for such a purpose, between the actual belief of the prosecuting attorney, and good reason to believe, is very thin, and he would not be likely to swear to his actual belief, unless, in his own view of the matter, he had good reason for that belief.

I see no error in the judgment or proceedings of the circuit court, and think the judgment should be affirmed.

The other Justices concurred.