PEOPLE *v.* PICHETTE.

111   461
126   633
111   461
s69NW 739
132  ¹458;
111   461
135  ¹344;
111   461
f150 ¹ 62

1. Criminal Law—Warrant—Sufficiency.

A warrant of arrest for an offense not cognizable by a justice of the peace is sufficient if it sets out in language within the ordinary comprehension the substantial elements constituting the offense charged, leaving to the information the office of describing it with technical accuracy.

2. Same—Setting Fire to Mill.

Thus, a warrant for the burning of a sawmill, which avers that the act was committed with force and arms, contrary to the form of the statute, and against the peace of the State, and which refers to such act as a felony, sufficiently charges an offense under 2 How. Stat. § 9125, although it does not in terms allege that the burning was willful and malicious.

3. Same—Threats—Intent—Question for Jury.

Whether one accused of setting fire to a mill was, as claimed by him, merely jesting when he made a statement capable of being construed as a threat to burn it, is a question for the jury.

4. Same—Reasonable Doubt—Instructions.

An instruction to the jury in a criminal case that, if a certain fact is true, the respondent is not guilty, and that they should say so, or, if they have a reasonable doubt about it, they should say so, is equivalent to an instruction that, if the jury have a reasonable doubt upon the subject, they should acquit.

5. Appeal—Assignments of Error—Good Faith of Counsel.

The action of counsel in basing an assignment of error upon a partial extract from the charge, taken out of its connection, and in confining the discussion in their briefs to such portion, where the portion omitted clearly shows that the point raised is without merit, is criticised.

Error to Menominee; Stone, J. Submitted November 17, 1896. Decided January 5, 1897.

Louis Pichette and William Tallier were jointly informed against for burning a sawmill. Tallier was

acquitted. Pichette was convicted, and sentenced to imprisonment for five years in the state prison at Marquette. Affirmed.

*J. M. Opsahl* and *Frank Bracelin*, for appellant.

*Fred A. Maynard*, Attorney General, and *W. H. Phillips*, Prosecuting Attorney, for the people.

HOOKER, J. The defendant was convicted of the burning of a sawmill under the provisions of 2 How. Stat. § 9125, which punishes the willful and malicious burning of such buildings. The following is a copy of the material portion of the warrant:

"On the 15th day of April, A. D. 1895, at the hour of 10 o'clock in the night-time of said day, with force and arms, at the township aforesaid, in the county aforesaid, did set fire to and burn a certain mill, to wit, a sawmill there situate, the property of David Nadeau and Louis Nadeau, copartners under the firm name of Nadeau Brothers, said sawmill being, with the property therein contained, then, to wit, at the time of the committing of the felony aforesaid, of the value of $10,000,—contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

It will be observed that the warrant does not charge a willful and malicious burning, and, as originally filed, the information was wanting in this particular, but, after motion to quash, it was amended by the insertion of these words, on application of the prosecuting attorney. The plea of not guilty was entered by direction of the court, the defendant having refused to plead, and an important question in the case is whether this warrant was sufficient to support the proceedings.

The proceedings before the justice are preliminary, and the law does not require that technical accuracy necessary in an indictment or information. The complaint in cases not cognizable by a justice of the peace need be little more than verbal information of a supposed wrong.

This is followed by an examination under oath of the complainant, and of other witnesses if deemed necessary, and the magistrate then issues his warrant. *People* v. *Bennett*, 107 Mich. 430. This warrant must specify the substance of the offense with which the accused is charged, not with technical accuracy, but in such manner as to inform him of what he has to meet (2 How. Stat. § 9456), leaving to the information the office of describing with accuracy the offense with which he shall ultimately be charged, which is to be based, not alone upon the warrant, but upon the facts developed upon the preliminary examination, as evidenced by the depositions returned and the certificate of the magistrate; and, while we do not mean to imply that the warrant need not state the offense, we think it sufficient if it set out the substantial elements constituting it in language within the ordinary comprehension, and that it need not possess the degree of certainty of allegation requisite in indictments. Such appears to be the view that has always been taken by this court. See *People* v. *Annis*, 13 Mich. 511; *People* v. *Hildebrand*, 71 Mich. 313; *People* v. *Dyer*, 79 Mich. 480. In *Haskins* v. *Ralston*, 69 Mich. 67 (13 Am. St. Rep. 376), a warrant for forgery from which the intent to defraud was omitted was held good, although it was a statutory requisite to the offense, as much as willfulness and malice are under this statute. It was there said:

"But we think the warrant, so far as the description of the offense is concerned, is sufficient. It sets out the overt acts which make up the crime completely, and a guilty knowledge of the forged character of the paper. The term 'forged,' in law, indicates a fraudulent purpose in making the paper; and proof of the facts and knowledge set up in this document would allow, although it might not under some circumstances compel, an inference of guilt. Such a description would fully inform the person charged as to what he was to meet, and of the 'nature of the accusation against him,' which is the only constitutional requirement on the subject. The Consti-

tution does not require technical accuracy, and the statute does not require it. By section 9456, 2 How. Stat., it is provided that the preliminary warrant shall recite 'the substance of the accusation.' This does not seem to indicate the necessity of anything more, and there has never been any intimation by this court that any more was required."

We think that, if the term "forgery" imports fraud, setting fire to a mill with force and arms imports design, and that the reference to such act as a felony is a sufficient implication that the act was done feloniously. Furthermore, it is expressly alleged to have been contrary to the form of the statute and against the peace of the State. Taken as a whole, we cannot doubt that this paper was sufficient to apprise the defendant that he was charged with a criminal act involving willfulness and malice, and that it was sufficient to support the examination. *Pardee* v. *Smith*, 27 Mich. 33, is another case where, as said by Mr. Justice GRAVES, "several statutory elements were left out;" yet the warrant was held good, the "defects being mere irregularities, and not jurisdictional." *Haskins* v. *Ralston*, 69 Mich. 68 (13 Am. St. Rep. 376). See, also, *People* v. *Rutan*, 3 Mich. 42; *Daniels* v. *People*, 6 Mich. 381; *People* v. *Kahler*, 93 Mich. 625. Under this view, we deem it unnecessary to cite authorities to show that the information might be amended.

Several other questions are mentioned by the briefs, but need no extended discussion. The statements of the defendant before and during the fire were admissible. We cannot agree with counsel that they tended only to show a design to burn another mill, and whether they were not serious was for the jury to determine.

We think the failure to give counsel's third request was not error, the subject being made sufficiently plain in the charge.

It is said that the court erred in instructing the jury that "if you say you are satisfied, beyond a rea-

sonable doubt, that they [Tallier and Pichette] were at
Tallier's house, or in that vicinity, during all that time,
and did not go to the mill, you should acquit." Had
counsel chosen to quote the whole, viz.: "Now, look
over all the evidence along that line, and see if William
Tallier and Pichette are accounted for. If their presence
is accounted for in the house of William Tallier from a
quarter past 8 until after this building was on fire, and if
you shall say that you are satisfied, beyond a reasonable
doubt, that they were at Tallier's house, or in that vicin-
ity, during all that time, and did not go to the mill, you
should acquit them both, and say, 'Not guilty;' or if you
should say that you have reasonable doubt, after looking
all the evidence over, as to whether they were at the
house from a quarter past 8 until after this fire broke out,
you should acquit them,"—it would be apparent from
their brief that the court corrected this statement; and we
think that justice to the trial court, as well as to this court,
demanded that a full and fair statement of the charge
relating to the subject complained of should have been
given. We do not mean to imply that counsel should
not raise and present any legal question, justified by the
record, in which they have confidence; but it should
never be based upon garbled extracts from the record, or,
as in this case, partial extracts, where the portion omitted
clearly shows that there is no merit in the point. And
we cannot agree with counsel in their construction of the
following language:

"Tallier, it is claimed by his wife and other witnesses,
was in his own house from before a quarter past 8 until
after the fire broke out, with the exception of a few
moments, when he went to get a pail of beer. It is
claimed by his wife that she saw him go from their house
to the saloon and get the beer, and that she had her eye
on him all the time. Is that true, gentlemen? If it is
true, this respondent Tallier is not guilty, and you should
say so; or, if you have a reasonable doubt about it, you
should say so."

111 Mich.—30.

We think it is a clear statement that, if the jury had a reasonable doubt on this subject, they should acquit.' The judgment is affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.