**Harvey KELLEY, Petitioner,**

v.

**George A. KROPP, Warden State Prison of Southern Michigan at Jackson, Michigan, Respondent.**

**Civ. A. No. 25562.**

United States District Court
E. D. Michigan, S. D.

Oct. 14, 1966.

Arthur Allan Smith and John E. English, Detroit, Mich., for petitioner, Kelley.

Frank J. Kelley, Atty. Gen., and Allan D. Chrisholm, Asst. Atty. Gen., for respondent, Kropp.

## MEMORANDUM OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS

McCREE, District Judge.

Petitioner, who is presently serving at State Prison of Southern Michigan a sentence of not less than fifteen years with a maximum term of thirty years for robbery armed, filed a petition for writ of habeas corpus asserting that he was denied a speedy trial in contravention of his rights guaranteed under the Constitution of the United States.

Following the hearing on an order to show cause, counsel was appointed for petitioner, a writ of habeas corpus was issued, and an evidentiary hearing was conducted on the merits of petitioner's allegations. I make the following factual findings.

On December 4, 1961, petitioner was transferred from Marquette Prison where he was serving two concurrent sentences, to Detroit, Michigan to answer a warrant which had been issued from the Recorder's Court for the city of Detroit on November 22, 1961 for an alleged armed robbery which was committed in Detroit in September, 1960. Co-defendants named in the warrant were Ronald Gilliam and Joseph Kelley. Petitioner was arraigned on the armed robbery complaint December 6, 1961 and counsel was appointed at that time to represent him. Preliminary examination was held on December 15, 1961, with petitioner's counsel present, and on February 14, 1962 petitioner and his co-defendants were arraigned on the information which had been filed and to which they pleaded not guilty. The case was set for trial on March 6, 1962, was adjourned to March 8, 1962, and was again adjourned to June 28, 1962. On June 21, 1962, petitioner, through his counsel, filed a motion to set the case for trial. This motion was denied June 22, 1962 because the trial was already set to commence June 28, 1962. Nevertheless, the trial was subsequently adjourned to August 16, 1962, then to September 13, 1962, again to December 12, 1962 and finally to December 17, 1962 at which time trial was commenced. Prior to the commencement of the trial the charges against both of petitioner's co-defendants were dismissed. The jury convicted petitioner on December 20, 1962. It should be observed that all of the adjournments were at the request of the prosecution.

The initial question is whether the delay in bringing petitioner to trial amounted per se to a violation of his constitutional rights in the absence of a demonstration of actual prejudice of a substantial nature. Doubtless there is a point at which delay of trial without intervening prejudice to a defendant will constitute a violation of a defendant's constitutional rights. However, for the following reasons I do not find that the delay herein is of that character.

 The delay which initially is considered herein is from March 6, 1962, the date the case was originally set for trial until December 17, 1962, when the trial actually commenced. It should be observed that petitioner did not move for a speedy trial until June 21, 1962 and that he was not deprived of his liberty pending trial because he was in custody during the entire time pursuant to convictions not under attack here. A speedy trial without unreasonable or unnecessary delay is guaranteed to all defendants in criminal matters in federal court prosecutions expressly by the Sixth Amendment. The express Constitutional guarantee of the Sixth Amendment does not extend to defendants prosecuted in state rather than federal courts. Copley v. Sweet, 133 F.Supp. 502 (W.D. Mich.1955), aff'd per curiam 234 F.2d 660. The Due Process clause of the Fourteenth Amendment, however, assures state court defendants that proceedings against them must satisfy a standard of fairness. The specific Sixth Amendment guarantee of a speedy trial provides some guidance for giving content to the more general guarantee of the Fourteenth Amendment. Under either Constitutional provision, however, a defendant who desires a speedy trial has the burden of demanding this right by a formal request, either by objecting to adjournment or by some other means of bringing his desire to the court's attention. Failure to make such a demand constitutes waiver of the right. United States v. Haller, 333 F.2d 827 (2nd Cir. 1964) (6th Amend.); Harlow v. United States, 301 F.2d 361 (5th Cir.

1962) (6th Amend.); United States ex rel. Giovengo v. Maroney, 194 F.Supp. 154 (D.C.Pa.1961) (14th Amend.); United States ex rel. Von Cseh v. Fay, 195 F.Supp. 432 (D.C.N.Y.1961) (14th Amend.).

 Thus, the date from which the delay attacked by petitioner must be found to have commenced is June 21, 1962, when he moved for a speedy trial, five months before the actual trial date, December 17, 1962. It does not appear that a delay of five months, without more, denies a defendant the opportunity for a fair trial. Actual prejudice must therefore be demonstrated before I can conclude that this delay deprived petitioner of his constitutional right to a fair trial. This is true even though the state concedes that the delay occurred as a consequence of its desire to try petitioner's co-defendants on other charges first. However, if the state elects to pursue such a course, it must be held to run the risk of intervening prejudice to defendant's opportunity for a fair trial.

The question then becomes whether the five month delay actually did occasion prejudice substantial enough to deprive petitioner of a fair trial. Petitioner contends that prejudice resulted in the following particulars: (1) That petitioner's grandmother, who would have been his principal alibi witness, died in the interval of time between his arraignment on the complaint and the trial. (2) That the state's witnesses were unable to recall certain incidents which took place at the time they identified petitioner at a show-up. (3) That one res. gestae witness could not be located. (4) That the credibility of petitioner's witnesses, who had previously been his co-defendants, but were dismissed from the case following their conviction of murder was impeached on the basis of intervening murder convictions which would not have occurred if petitioner's trial had been held more promptly. (5) That petitioner first learned of one Kenneth Anderson's participation in the armed robbery at the trial itself but by that time Anderson had already been con-

victed of another crime and was confined in the State Prison of Southern Michigan, although he would have been available in the jail of the county in which the trial was held had petitioner's trial been conducted earlier.

Petitioner's first contention of prejudice presents the most compelling argument. Great prejudice is obviously demonstrated when a defendant's principal alibi witness dies during an unreasonable and unjustifiable delay in setting a case for trial because of the exculpatory effect of such a defense. However, petitioner did not sustain the burden of proving that his grandmother would have been available to testify for him but for the delay in bringing him to trial. He did not introduce any evidence to establish the actual date of his grandmother's death. In response to the court's inquiry, respondent indicated that a search of the death certificates filed in Wayne County disclosed that a person bearing the name of petitioner's grandmother died January 9, 1962, approximately one month before the information was filed against him. On direct examination petitioner states he did not know when his grandmother died but learned of her death sometime in late April or May, 1962 prior to his moving for a speedy trial. In order for petitioner to prevail in this contention, he would have to prove that this critical witness died at some time after his trial would have been held if there had been no undue delay. This he failed to do and it appears from the evidence more likely that she died even before he was formally charged in the information with the offense. I therefore find that petitioner has failed to prove the allegation of prejudice in this respect.

With respect to petitioner's other allegations, I find that these factors are not the kinds of prejudice that would vitiate on constitutional grounds the resulting conviction. The fading of witnesses' memories over a five month period, the intervening felony conviction of petitioner's witnesses which was used to impeach their credibility, and the unavailability of the other witnesses who were not shown to have been available at some earlier date at which the trial might have been held, are all factors which may or may not work to the disadvantage of a defendant but are not, on these facts, the kinds of prejudices which substantially affect the fairness of the trial.[1]

Although I cannot condone the delay which occurred here, I do not find that it substantially impaired petitioner's rights so as to constitute a deprivation of a fair trial as guaranteed by the Constitution. For the foregoing reasons it is hereby ordered that the writ of habeas corpus be dismissed. The court expresses its appreciation to Arthur Allan Smith, Esq. and John E. English, Esq. for their able representation of petitioner.

---

1. Although Kenneth Anderson had been removed from the county jail, he was still within the jurisdiction of the trial court while confined at Southern Michigan Prison and petitioner has not satisfied the court that he made the necessary efforts to have him brought to court to testify.