PEOPLE *v.* HAYNES.

OPINION OF THE COURT.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SPEEDY TRIAL—JU-
RISDICTION.

Whether or not defendant had been denied a speedy trial on
information charging him with unlawful sale and possession
by an unlicensed person of heroin, is not determined where
court finding him guilty on such charge is found not to have
had jurisdiction of defendant with respect thereto at time trial
was conducted (Const 1908, art 2, § 19; CLS 1961, §§ 335.152,
780.131).

2. CRIMINAL LAW—PROSECUTING ATTORNEY—NOTICE TO DEPARTMENT
OF CORRECTIONS RELATIVE TO UNTRIED INFORMATION.

The prosecuting attorney in a case which originated in his
county is charged with a duty to keep his own records up to
date and notify the department of corrections of proceedings
relative to untried information against a prisoner if the prose-
cutor is desirous of receiving notice from the department rela-
tive thereto, since the department could not be expected to give
the prosecutor notice of something without knowledge that it
was desired (CLS 1961, § 780.131).

3. SAME—TRIAL ON UNTRIED WARRANT—FAILURE TO DEMAND—
WAIVER.

Statute according a defendant *in prison upon an indictment* the
right to demand trial at the next term of court after ex-

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error §§ 897, 898, 953.
[2]  42 Am Jur, Prosecuting Attorneys §§ 19, 20.
[3]  21 Am Jur 2d, Criminal Law §§ 249, 253.
[4]  21 Am Jur 2d, Criminal Law §§ 245, 249.
[5]  50 Am Jur, Statutes §§ 217, 303, 304, 310.
[6]  21 Am Jur 2d, Criminal Law §§ 245, 249, 250, 254.

piration of 6 months from time of imprisonment was not applicable to defendant who was in prison, on conviction of possession of heroin, for some 23 months before later trial was had on charge of possession and sale which resulted in imposition of 20-year sentence, hence, his failure to demand a trial on the untried warrant did not constitute a waiver of his rights (CLS 1961, §§ 335.152, 335.153; CL 1948, § 767.38).

4. SAME—TRIAL ON UNTRIED WARRANT—JURISDICTION.

Trial court was without jurisdiction to try defendant on untried charge of possession and sale of 7 capsules of heroin some 23 months after imprisonment of defendant on charge of possession of 2 capsules of heroin in view of statute requiring trial on untried warrants within 180 days after information is conveyed to prosecuting attorney of place of imprisonment of person imprisoned (CLS 1961, §§ 335.152, 335.153, 780.131, 780.133).

DISSENTING OPINION.

QUINN, J.

5. STATUTES—CONSTRUCTION—TITLE OF ACT.

*The provision of a statute must be construed in connection with the general purpose as set forth in the title of the act (Const 1908, art 5, § 21).*

6. CRIMINAL LAW—STATUTES—UNTRIED WARRANTS.

*Statute which stated as its object that it was to dispose of untried warrants, indictments, informations, or complaints against inmates of penal institutions held, inapplicable to situation where department of corrections had not given statutory notice to prosecuting attorney of place of imprisonment of defendant against whom an untried warrant had been issued (CLS 1961, §§ 780.131–780.133).*

Appeal from Genesee; McGregor (Louis D.), J. Submitted Division 2 June 2, 1966, at Detroit. (Docket No. 1.) Decided January 24, 1967. Leave to appeal denied by Supreme Court December 4, 1967, 379 Mich 789.

Maurice John Haynes was convicted of unlawful sale and possession by an unlicensed person of a narcotic drug. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Edward G. Henneke,* Assistant Prosecuting Attorney, for the people.

*Eugene E. Sordyl,* for defendant.

J. H. Gillis, P. J. The people charged that on the evening of February 3, 1960, one James Melson went to the home of the defendant, Maurice John Haynes, in the city of Flint. Melson purchased 7 capsules of heroin from the defendant and then left the premises for a rendezvous with two officers from the narcotic squad. At 12:10 a.m. on February 4, 1960, the officers from the narcotic squad, accompanied by other police officers, went to the defendant's home where he was arrested and searched, and 2 capsules of heroin were confiscated from his person. The defendant was then taken to police headquarters. On February 5, 1960, two separate complaints and warrants were issued against the defendant. One charged an unlawful sale and possession by an unlicensed person of 7 capsules of heroin[1] based on the information furnished the narcotic bureau by James B. Melson and the other complaint and warrant charged an unlawful possession by an unlicensed person of 2 capsules of heroin, first offense,[2] based on the narcotics taken from the defendant's person.

Preliminary examinations were conducted on each case on February 15, 1960, and the defendant was bound over to the Genesee circuit court for trial on the charges set forth in each complaint. Eight days later defendant was arraigned on each information and stood mute. The court then entered a not guilty plea on behalf of the defendant in each

---

[1] CLS 1961, § 335.152 (Stat Ann 1957 Rev § 18.1122).
[2] CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123).

case. On October 26, 1960, the defendant withdrew the not guilty plea previously entered in the case which charged possession of 2 capsules of heroin and pled guilty. On December 27, 1960, the defendant was sentenced to a term of $5\frac{1}{2}$ to 10 years imprisonment on the possession charge. While the record is not clear, apparently the defendant was taken that day or the following day to the State Prison of Southern Michigan. On December 29, 1960, a writ of habeas corpus was issued by the Genesee circuit court ordering the return of the defendant from the State Prison of Southern Michigan for the purpose of standing trial on the remaining case which charged sale and possession. The warden of the State Prison of Southern Michigan filed a written return to the writ which certified that the defendant was too ill to travel or stand trial at that time.

On July 21, 1961, a writ of *habeas corpus ad deliberandum et recipiendum* was issued and the defendant was returned to Genesee county from the State Prison of Southern Michigan. Because defendant was in poor physical condition, an agreement was reached between the assistant prosecutor and defense counsel that the matter be continued "over the term." The court concurred, adjourned the case and the defendant was returned to the State Prison of Southern Michigan. On August 26, 1963; September 16, 1963; and November 27, 1963, the assistant prosecutor appeared in circuit court and obtained a continuance each time "over the term" due to the poor physical condition of the defendant. On each of these three occasions the defendant was not present and on the last two occasions his counsel was not present.

On February 18, 1964, the defendant was returned to Genesee county pursuant to a writ of habeas corpus and a nonjury trial commenced. On Feb-

ruary 20, 1964, the trial was completed and the
defendant was found guilty as charged in the infor-
mation. On February 24, 1964, the defendant was
sentenced to a term of imprisonment of 20 years to
life. This later conviction and sentence forms the
basis for this appeal. Defendant raises 6 allega-
tions of reversible error but in view of our decision,
it will be unnecessary to rule on each of them. We
do not reach the constitutional question of whether
defendant was denied a speedy trial within the
meaning of the Michigan Constitution,[3] since we
find that the statute controls the pertinent issue
raised here.

The statute is CLS 1961, § 780.131 (Stat Ann
1965 Cum Supp § 28.969[1]).[4] Thus, whenever the
department of corrections receives *notice* of any
untried warrant, indictment, or information, the
inmate against whom it is pending must be brought
to trial within 180 days after the department causes
written notice and a request for final disposition
to be delivered to the prosecuting attorney of the
county where the warrant is pending.

Two Michigan Supreme Court decisions,. *People*
v. *Castelli* (1963), 370 Mich 147, and *People* v.
*Hendershot* (1959), 357 Mich 300, plus an opinion
of the attorney general[5] have construed the intent

---

3 "In every criminal prosecution, the accused shall have the right
to a speedy and public trial." Const 1908, art 2, § 19, currently
Const 1963, art 1, § 20.

4 "Whenever the department of corrections shall receive notice
that there is pending in this state any untried warrant, indictment,
information or complaint setting forth against any inmate of a
penal institution of this state a criminal offense for which a
prison sentence might be imposed upon conviction, such inmate shall
be brought to trial within 180 days after the department of cor-
rections shall cause to be delivered to the prosecuting attorney of
the county in which such warrant, indictment, information or com-
plaint is pending written notice of the place of imprisonment of
such inmate and a request for final disposition of such warrant,
indictment, information or complaint."

5 2 OAG, 1958, 46, No 3124.

and applicability of the statute.  The attorney general's opinion states:

"If the inmate suffers a physical or mental disability after being returned to the institution, it is then incumbent upon the department of corrections to promptly notify the prosecuting attorney and other interested parties of such fact."

The warden's return to the writ in 1960 certified that the prisoner was too ill to travel or stand trial at *that* time.  However, the record does not disclose whether the department of corrections had any knowledge of the events which took place on June 21, 1961, when the defendant was returned to Genesee county to stand trial and the continuance on that date was ordered.

In *People* v. *Hendershot, supra,* the issue before the Court involved the construction of the words "brought to trial" as used in the statute, and the Court stated at page 304:

"If * * * apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met."

Since the time period at issue in the case at bar is 23 months,[6] *People* v. *Hendershot* furnishes no precedent for the instant case.

In *People* v. *Castelli, supra,* the defendant was incarcerated on one charge in Wayne county when, on November 2, 1960, the second warrant charging him with another crime in Oakland county was

---

[6] The 23-month period is arrived at by computing the time from the first day of the new term (September 17, 1961) after the order of continuance was entered on June 21, 1961, until August 26, 1963, when the court again entered an order continuing the matter "over the term."

issued. Although the department of corrections failed to give notice to the Oakland county prosecuting attorney, there was an obvious excuse for this failure. The defendant was not delivered until March 3, 1961. The 180 days "had not expired when, on August 24, 1961, the Oakland county prosecuting attorney commenced proceedings."

Query: Did the department of corrections have notice of the June 21, 1961 disposition of the case? If it had notice of the continuance, the department's nonaction cannot be said to have tolled the statute. The attorney general's opinion clearly sets forth the requirement that the department of corrections has the duty to keep the prosecutor's office "posted" on the inmate's condition under such circumstances. If the other view is taken, i.e., that it was the duty of the prosecutor to keep the case active by making the appropriate inquiries, the warden's letter of August 11, 1965,[7] and the affidavit of the medical

---

[7]
"Eugene E. Sordyl
Attorney at Law
1010 Beach Street
Flint, Michigan 48503

"August 11, 1965

"Re: Maurice John Haynes, #104237

"Dear Mr. Sordyl:

"This is in reply to your letter of August 9. I will ask our medical director for a medical report on Haynes which will be forwarded to you as soon as available. Our records show that Haynes has been with us since February, 1961. Most of that time he has been unemployable for medical reasons. He was released on court order on June 20, 1961, and returned the next day. He was again released on court order on February 17, 1964, and returned on February 24, 1964 with an additional sentence.

"The prosecuting attorney of Genesee county wrote on December 13, 1963 asking for information on the present condition of Mr. Haynes. He commented on his history of a heart condition and the fact that he would not be able to stand trial because of this condition. We wrote the prosecuting attorney on December 27, that our medical director felt that Mr. Haynes would be able to attend court proceedings without any undue risk to his health. The prosecutor's office certainly must have copies of this correspondence in its files. I don't find in the files any other correspondence from the prosecutor's office inquiring about

director[3] both indicate a lack of any follow-up by the prosecuting attorney. Therefore, if the department of corrections knew of the continuance of June 21, 1961, the *department's* failure to give the statutory notice cannot be held to have tolled the statute to the defendant's detriment.

If the department of corrections did not have knowledge of the disposition of the case on June 21, 1961, it could not, of course, give the required statutory notice to the county prosecuting attorney. The affidavit previously discussed stated that the medical records indicate that no inquiry was made concerning a status report on Haynes' heart; and, further, that had a writ of habeas corpus been issued, he would have been returned. The prosecutor in a case which originated in his county is certainly

---

Mr. Haynes' condition. Of course, such inquiries could have been made by other means.

"Very truly yours,
/s/ GEORGE A. KROPP
George A. Kropp
Warden.

"GAK–las"

[3] "STATE OF MICHIGAN ⎱ ss.
COUNTY OF JACKSON ⎰

"Now comes the undersigned and states unto this Honorable Court as follows:

"1. That he is an employee of the State Prison for Southern Michigan, Jackson, Michigan, and is in charge of the medical records of Maurice John Haynes.

"2. That he has examined the medical records for Maurice John Haynes #104237.

"3. That the medical records of Maurice John Haynes indicate that from June 21, 1961 to September 10, 1963, Maurice John Haynes was physically able to return to Flint, Michigan, to be present at the pending trial against him.

"4. That the medical records indicate that no inquiry, either written or oral, was directed to the medical director for the State Prison requesting a medical status report for Maurice John Haynes.

"5. That the records indicate that Maurice John Haynes would have been returned to the Genesee county authorities from June 21, 1962 [1961?], to September 10, 1963 upon a presentation of a writ of habeas corpus for his return properly served upon the warden of the State Prison.

/s/ F. W. BARTHOLIC, M. D.
Medical Director"

charged with a duty to keep his own records up to date and to give the department notice of the proceedings if he is desirous of receiving information from the department pursuant thereto. If the prosecutor did not give the department the necessary information, it would follow that the department could not be expected to give him subsequent notice.

The statutory procedures were not followed; good cause for excusing this omission was not produced; therefore, the court was without jurisdiction[9] to hear the case on the second charge and its judgment entered thereon is subject to reversal. It would be possible to end this opinion at this point; however, in fairness to the people we shall answer their argument relating to the applicability of CL 1948, § 767.38 (Stat Ann 1954 Rev § 28.978).[10] The prosecution cites this statute as authority for the proposition that the defendant has the duty to demand trial on the pending information, and, absent such a demand, waives his right to complain of delay. The statute unambiguously applies to one situation, where the defendant is in prison on an indictment. *People* v. *Foster* (1933), 261 Mich 247, relied on by the people, dealt with a situation where the prisoner was out on bail, and hence is factually distinguishable from the instant case. It is certain that the defendant was in prison and that there was an indictment against him, but he was not "held in

---

[9] "In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." CLS 1961, § 780.133 (Stat Ann 1965 Cum Supp § 28.969[3]).

[10] "Every person held in prison upon an indictment shall, if he require it, be tried at the next term of court after the expiration of 6 months from the time when he was imprisoned, or shall be bailed upon his own recognizance, unless it shall appear to the satisfaction of the court that the witnesses on behalf of the people have been enticed or kept away, or are detained and prevented from attending court by sickness, or some inevitable accident."

prison on an indictment" but rather was in prison
because he was serving time for conviction on an-
other charge.   Therefore, it cannot be said that
the failure of defendant to make a demand is a
waiver of his rights under the circumstances pre-
sented in the instant case.   The statute is simply
inapplicable to the case at bar.

Pursuant to CLS 1961, § 780.133, *supra,* the court
was without jurisdiction to hear the case on the
second charge.

The conviction and judgment entered thereon is
accordingly reversed.

FITZGERALD, J., concurred with J. H. GILLIS, P. J.

QUINN, J. (*dissenting*).   I am unable to agree
with the opinion of Judge GILLIS and the result it
reaches for the reason I cannot interpret the stat-
ute[1] as his opinion does, nor do I find support for
his interpretation in the cases[2] and the attorney
general's opinion[3] it cites.   While Judge GILLIS'
opinion concedes *Hendershot* is not precedent for
the case at bar, I believe the reason it is not is
because the question here presented was not pre-
sented in *Hendershot* nor was it presented in *Cas-
telli.*   The opinion of the attorney general is not
directed to that question.   That opinion was in
response to an inquiry from the director of the
department of corrections as to the responsibilities
of that department under the statute to assist the
department in formulating procedure to comply
with the statute.   In no way does that opinion
involve the effect of the statute on an outstanding
information charging an inmate of a penal insti-

---

[1] CLS 1961, § 780.131 (Stat Ann 1965 Cum Supp § 28.969[1]).
[2] *People* v. *Hendershot* (1959), 357 Mich 300, and *People* v. *Castelli* (1963), 370 Mich 147.
[3] 2 OAG 1958, 46, No 3124.

tution with a criminal offense when the department of corrections fails to give the prosecuting attorney the requisite notice. That is the question in the case before us.

Const 1908, art 5, § 21, provided in part:

"No law shall embrace more than one object, which shall be expressed in its title." (Similar provision Const 1963, art 4, § 24.)

The provisions of a statute must be construed in connection with the general purpose as set forth in the title. *People* v. *Asta* (1953), 337 Mich 590. The title of the act before us is:

"An act to dispose of untried warrants, indictments, informations or complaints against inmates of penal institutions of this state."[4]

The purpose is to dispose of untried charges against inmates of penal institutions. The method provided by the legislature to accomplish this disposition is to deny jurisdiction over these charges to any court if action on them is not commenced on such charges within 180 days after the department of corrections causes to be delivered to the prosecuting attorney involved the requisite notice. Apparently, the legislature believed that failure of the prosecuting official to proceed after 180 days was reasonable indication that prosecution was not desired and the charges should be disposed of by the denial of jurisdiction rather than to await formal dismissal by the prosecuting attorney. The fact of accumulation of untried charges and the problem created thereby is understandable. The accumulation could arise from changes in the office of the prosecuting attorney, either of the prosecuting attorney or personnel in the office, oversight,

---

4 PA 1957, No 177 (CLS 1961, §§ 780.131–780.133 [Stat Ann 1965 Cum Supp §§ 28.969(1)–28.969(3)]).—Reporter.

lost files, even neglect. The problem is: unless
the prosecuting attorney acts, how does one dispose
of these charges? The statute gives the answer,
and its purpose is not that assigned to it by Judge
Gillis' opinion, but rather the purpose expressed
in its title.

Thus viewed, the statute has no application to
the case before us since it is conceded the depart-
ment of corrections never caused to be delivered
to the prosecuting attorney the notice required by
the statute. I vote to affirm.

The other issues raised by defendant were not
discussed in the majority opinion, and there would
be no purpose in discussing them in this dissent.