PEOPLE v. WILLIAMS.

1. CRIMINAL LAW—STATUTES—INMATE—TRIAL.

   Any inmate of a Michigan penal institution, who is the subject
   of an untried warrant, indictment, information, or complaint
   setting forth against him a criminal offense for which a
   prison sentence might be imposed upon conviction, shall be
   brought to trial within 180 days after the department of
   corrections delivers to the prosecuting attorney of the county
   in which such warrant, indictment, information, or complaint
   is pending written notice of place of imprisonment of the in-
   mate and request for final disposition of the untried charges
   (CLS 1961, § 780.131).

2. SAME—CHARGE AGAINST INMATE—PROSECUTOR—DEPARTMENT OF
   CORRECTIONS—PRESUMPTION OF NOTICE.

   A prosecutor will be deemed to have received notice from the
   department of corrections of an untried warrant, indictment,
   information, or complaint against a prisoner even though
   there was no formal notice from the department in a case
   where both the department and the prosecutor were aware
   of the facts and there had been inaction on the untried charge
   throughout the 180-day statutory time for action (CLS 1961,
   § 780.131).

3. SAME—PUBLIC POLICY—SPEEDY TRIAL—IMPRISONMENT FOR AN-
   OTHER CRIME—COMMENCEMENT OF PROCEEDINGS.

   Public policy, as expressed by the legislature with respect to
   the meaning of speedy trial of one serving a prison sentence

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 6, 8, 11] 21 Am Jur 2d, Criminal Law §§ 249, 250, 254.
   Constitutional or statutory right of accused to speedy trial as af-
   fected by his incarceration for another offense.    118 ALR 1037.
[5, 6, 11] Effect of dismissal of original indictment or information
   with subsequent reindictment or information, under statute im-
   plementing right of accused to speedy trial.    30 ALR2d 462.
[10, 11] 21 Am Jur 2d, Criminal Law § 253.
   Waiver or loss of defendant's right to speedy trial in criminal case,
   129 ALR 572, 57 ALR2d 302.

upon conviction of some other crime, calls for bringing to trial within 180 days after the department of corrections notifies the appropriate prosecuting attorney of the accused's imprisonment and requests final disposition of the information, the statutory requirement being satisfied by the taking of good faith action to start the proceedings in motion (CLS 1961, § 780.131).

4. SAME—TRIAL OF UNTRIED CHARGES—JURISDICTION.

The meaning of the term "brought to trial," as used in act relative to disposition of untried charges filed against prisoners, is to be gathered from the entire act (CLS 1961, § 780-.131).

5. SAME—INFORMATION—DISMISSAL OF SOME COUNTS—JURISDICTION OF DEFENDANT.

Dismissal of 2 counts of a 3-count information leaves the 3-count complaint an untried complaint and the court retains jurisdiction of the defendant (CLS 1961, § 780.131).

6. SAME—INFORMATION—DISMISSAL OF SOME COUNTS—STATUTE— TRIAL.

Dismissal of 2 counts of an information before defendant is returned to prison does not prevent the statute relative to disposition of untried warrant, indictment, information, or complaint from becoming operative as to these 2 counts, and they must be dismissed with prejudice if no action is taken on them within the required time (CLS 1961, §§ 780.131, 780-.133).

7. SAME—UNTRIED WARRANT, INDICTMENT, INFORMATION OR COMPLAINT.

A charge, once formally lodged, remains untried and is part of an untried warrant, indictment, information, or complaint (CLS 1961, §§ 780.131, 780.133).

8. SAME—STATUTE—TRIAL WITHIN 180 DAYS—PREMISE.

Underlying premise of the statute, providing that one serving prison sentence upon conviction of some other crime be brought to trial within 180 days after department of corrections notifies prosecuting attorney of accused's imprisonment and requests final disposition, is that a prosecutor may properly try less than all the untried multiple offenses and after such trial proceed against the accused on the remaining charges (CLS 1961, § 780.131).

9. Same—Trial Within 180 Days—Trial Dates.
    Trial dates are not required by statute to be set within the 180-
    day period for all charges set forth in an untried warrant,
    indictment, information, or complaint against a prisoner (CLS
    1961, § 780.131).

10. Same—Speedy Trial—Formal Demand.
    Failure of a defendant to make a formal demand on the record
    for a speedy trial waives a defense predicated on that consti-
    tutional requirement (Const 1963, art 1, § 20).

11. Same—Amended Information—Quashing—Drugs.
    Quashing of information charging defendant with selling and
    dispensing marijuana and heroin, on grounds defendant was
    not brought to trial within 180 days, held, error, where de-
    fendant was arrested on complaint and warrant charging he
    sold or dispensed marijuana, heroin, and cocaine, was examined
    and bound over for trial on all 3 counts, was later arraigned
    and counts 1 and 2 were dismissed, defendant was returned to
    prison as a parole violator, trial was adjourned twice because
    of defendant, defendant retained 2 attorneys who withdrew
    and finally got appointed counsel, and prosecutor moved for
    nolle prosequi as to count 3 because people's expert could no
    longer identify example as cocaine (CLS 1961, §§ 780.131,
    780.133).

Appeal from Oakland; Beasley (William R.), J.
Submitted Division 2 October 2, 1967, at Lansing.
(Docket No. 3,529.) Decided March 31, 1968. Leave
to appeal denied February 11, 1969. See 381 Mich
800.

Melvin R. Williams was charged with selling mari-
juana, heroin, and cocaine. Information was
quashed for failure of people to comply with statu-
tory requirements. The people appeal. Reversed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *S. Jerome Bronson*,
Prosecuting Attorney, and *Robert W. Leutheuser*,
Chief Appellate Counsel, for the people.

*Campbell & Lee*, for defendant.·

LEVIN, J.   The trial judge concluded that there was a failure to comply with the requirements of CLS 1961, § 780.131 (Stat Ann 1968 Cum Supp § 28.969[1])[1] and CLS 1961, § 780.133 (Stat Ann 1968 Cum Supp § 28.969[3]) (see footnote 3) which require that whenever the department of corrections receives notice of an untried warrant, indictment, information, or complaint affecting an inmate, the inmate shall be brought to trial within 180 days after the department delivers to the prosecuting attorney notice of the inmate's imprisonment and a request for final disposition of the untried charges.

Defendant was arrested on a complaint and warrant dated April 1, 1966, charging that he sold or dispensed marijuana (count 1), heroin (count 2), and cocaine (count 3) in violation of PA 1937, No 343 (CL 1948, § 335.152 [Stat Ann 1957 Rev § 18.-1122]).   The offenses were alleged to have been committed at different times.

On April 22, 1966, the defendant was examined and bound over for trial on all three counts.   On May 12, 1966, the defendant was arraigned on the third count, cocaine, and counts 1 and 2 were dismissed at the people's request.[2]   Also on May 12,

---

[1] "Sec 1.   Whenever the department of corrections shall receive notice that there is pending in this State any *untried* warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this State a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint.   The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner.   The written notice and statement provided herein shall be delivered by certified mail." (Emphasis supplied.)

[2] An agreed statement of facts entered into by the parties contains the following: "It is to be noted that defense counsel seasonably ob-

1966, a hearing was held on defendant's application for a writ of habeas corpus. The writ was denied and the defendant was returned to the State prison for a hearing upon alleged violations of his parole.

On June 14, 1966, the trial date of June 16, 1966, was adjourned at defense counsel's request. On July 21, 1966, defendant was not ready for a trial scheduled to begin on July 27, 1966, and the matter was again adjourned.

On August 22, 1966, the defendant was taken before a circuit judge. The defendant had become dissatisfied with one lawyer he retained and that lawyer had been permitted to withdraw. Defendant retained a second lawyer who, at the conclusion of the August 22 hearing, was allowed to withdraw. The court then assigned counsel to the defendant as an indigent.

On September 23, 1966, the matter again came up and the defendant waived trial by jury.

On November 22, 1966, the prosecuting attorney moved for an order of *nolle prosequi* as to count 3, stating that the people's expert was no longer able to identify the sample substance as cocaine. The order was entered.

On November 23, 1966, the people filed an amended information charging defendant with dispensing heroin (count 1) and possession of heroin (count 2). On December 7, 1966, defendant moved to quash the information on the ground that the requirements of the statutory provision previously mentioned had not been complied with and that the 180-day period therein prescribed had expired without the defendant having been brought to trial.

jected several times to the original information on the grounds that Mr. Williams was, in fact, charged with three separate and distinguishable criminal offenses, and that the three offenses should be served [severed] into three separate informations, each containing one charge." See 1 Gillespie, Michigan Criminal Law and Procedure, §§ 371, 372.

The trial judge quashed the information on March 7, 1967, pursuant to CLS 1961, § 780.133 (Stat Ann 1965 Cum Supp § 28.969[3])[3] on the basis of our opinion in *People* v. *Haynes* (1967), 5 Mich App 641.

The people ask us to reconsider *Haynes*, and assert that the defendant should not be permitted to profit from his "dilatory tactics." Defendant counters that *Haynes* was correctly decided, that the *Haynes* rule was here properly applied by the trial judge, and that even if it were to be found that defendant delayed commencement of trial on the cocaine count and the statute could not properly be relied on by the defendant as to the cocaine count, the defendant did not delay trial on the heroin charge at one time dismissed at the request of the people and, therefore, any defendant's delay in respect to the cocaine charge should not affect the matter.

We find it unnecessary to consider whether *Haynes* was correctly decided because we do not think that this case presents the question that divided our Court in *Haynes*. Haynes pled guilty to one charge, and was thereupon sentenced and delivered to the State prison. The issue of compliance with the statutory requirement concerned an untried charge which was pending at the time that Haynes was convicted on his plea of guilty. In *Haynes*, our Court, led by Judge GILLIS, Judge QUINN dissenting, ruled that a prosecutor will be deemed to have received notice from the department of corrections even though there was no formal notice from the department in a case where both the

[3] "Sec 3. In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this State shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

department and the prosecutor were aware of the facts and there had been inaction on the untried charge throughout the 180-day period. In *Haynes* the prosecutor obtained a number of adjournments of which Haynes was not aware.

In formulating the statutory language the legislature sought to protect those who face multiple charges against undue delay in trial when they are held in State prison while untried charges are still pending. The statute seeks to secure to those serving sentences in a State prison the enjoyment of the rule of law which, in the absence of a statute otherwise providing,[4] prohibits imposition of a sentence to commence upon completion or expiration of another sentence. *In re Carey* (1964), 372 Mich 378, 380.

The defendant in this case had not been convicted of any of the multiple charges lodged against him when he was confined in State prison. He was returned to the State prison as an alleged parole violator.

The statute in question was considered by our Supreme Court in *People* v. *Hendershot* (1959), 357 Mich 300, 304, and *People* v. *Castelli* (1963), 370 Mich 147. In *Hendershot* the defendant was arraigned, his preliminary examination was held, and he was bound over and a date for a sanity hearing set within the 180-day period. The Supreme Court declared (p 304):

"If, as here, apparent good-faith action is taken [by the people] well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of

---

[4] *E.g.*, PA 1927, No 175, chap 8, § 7a, as added by PA 1954, No 100 (CLS 1961, § 768.7a [Stat Ann 1954 Rev § 28.1030(1)]) providing that in the discretion of the court a sentence imposed for crime committed while in prison shall commence upon expiration of the prison term the offender was serving at the time of the commission of the crime.

the statute for the court's retention of jurisdiction is met. When the people have moved the case to the point of readiness for trial and stand ready for trial within the 180-day period, defendant's delaying motions, carrying the matter beyond that period before the trial can occur, may not be said to have brought the statute into operation, barring trial thereafter."

Later, in *Castelli,* the Court explained that *Hendershot* "held that the statutory requirement that the accused 'shall be brought to trial' within 180 days does not require actual trial within that time, but only the taking of good faith action to start the proceedings in motion." (p 153) In *Castelli* the Court rejected a defense based on alleged noncompliance with the 180-day requirement. It there appeared that the warrant on the untried charge had been issued after the defendant entered the State prison, and that within the 180-day period the defendant had been brought back to the charging county and the preliminary examination held.[5]

It is manifest on the record before us that the defendant in this case could not have properly raised the statutory defense as to the cocaine count. The people took good-faith action to start the cocaine count proceedings in motion and proceeded promptly and with dispatch toward readying that case for trial.

However, the cocaine count was *nolle prossed.* Defendant asserts that even if the people proceeded diligently on the cocaine count the people's failure to have done anything at all to bring the heroin

---

[5] The attorney general has expressed the following views:

"As we construe this statute, we do not believe that the phrase, 'brought to trial,' used in section 1 of the act, and the phrase, 'action is not commenced,' used in section 3 of the act, are in conflict or that they are incompatible." and "We believe the legislature contemplated that the 'action' to be commenced, as required by section 3, must be such as to result in the inmate being 'brought to trial,' as required by section 1." 2 OAG 1958, No 3124, pp 47, 48.

count to trial within the 180-day period prescribed
by the statute requires dismissal with prejudice as
to the untried heroin charge.

The unstated assumption of the statute relied on
by the defendant is that a prosecutor may properly
try less than all the multiple offenses facing an ac-
cused and after such trial proceed against the ac-
cused on some or all the remaining charges.    The
statutory provision here relied on cannot become
applicable prior to incarceration in the State prison
and, thus, had defendant remained in the county jail
either because bond had been denied or because he
could not make bond set by the court, or had he
been freed on bond while awaiting trial the defense
asserted here would not be applicable.

"The legislative intent and meaning in its use of
the term 'brought to trial' is to be gathered from
the entire act." *People* v. *Hendershot, supra,* p 303.

That which is required to be "brought to trial"
within 180 days is "any untried warrant, indictment,
information or complaint" pending against the in-
mate.    Defendant must therefore concede, in order
to assert the defense, that the heroin charge was part
of an "untried warrant, indictment, information or
complaint" even though count 1 (marijuana) and
count 2 (*heroin*) were dismissed on May 12, 1966, at
the people's request, shortly *before* the defendant
was returned to the State prison as a parole violator.

We do not think that the operative effect of the
statute depends on the technical posture of the case
—*e. g.,* whether the untried charge has been "dis-
missed"—but rather on the substance of the matter.
Here, although counts 1 and 2 had been formally
dismissed shortly before defendant was returned to
State prison, the people could bring those charges
again and, thus, in practical effect and in substance,

the heroin count was still pending "untried" when defendant was returned to State prison.

We add that even though counts 1 and 2 of the information were formally dismissed the court retained jurisdiction of the defendant on the complaint, which was thus an "untried complaint."[6] See *Mentor* v. *People* (1874), 30 Mich 91, where, on the defendant's motion, the information was quashed with leave to the people to file a new information. The defendant stood mute to the new information,

---

[6] The complaint alleged the commission of 3 separate offenses. While the agreed statement of facts sets forth that the defendant objected to the original *information* as duplicitous, it is not claimed here that any such objection was voiced to the *complaint*. Further, counts 1 and 2 of the *complaint* were not dismissed. We add that any such dismissal would not have been equivalent to a trial of such counts, so that such counts would, nevertheless, have remained untried charges that had once been formally lodged against the defendant and could thus be viewed as part of an "untried" complaint.

It has been said that, even if a warrant charged 2 separate and distinct crimes and one preliminary examination was conducted as to both offenses, the objection of duplicity could not be raised since the reason for the rule against duplicity—*i.e.*, a defendant should not be subjected to trial for 2 separate and distinct offenses at one time—would not be applicable. *People* v. *Shuler* (1904), 136 Mich 161, 166. We also note that the information "is not predicated upon the complaint or the examination upon which the warrant issues, but it is presumed to have been framed with reference to the facts disclosed at the examination which succeeds the arrest." *People* v. *Kahler* (1892), 93 Mich 625, 627. The statute does not prescribe any form that the complaint shall take; the primary function of the complaint is to move the magistrate to consider and determine whether a warrant shall issue, and the justification for issuance of the warrant is not supposed necessarily to appear in the complaint. *Turner* v. *People* (1876), 33 Mich 363. The complaint does not "fix and control the after-proceedings." *People* v. *Kahler, supra.* See, also, *People* v. *Pichette* (1897), 111 Mich 461, 462. Compare *People* v. *Norman* (1968), 9 Mich App 647. It may even be, having in mind the function of a complaint, that a complaint may not be "dismissed"—either a warrant issues on the complaint, or it does not; and if a warrant improperly issues, the warrant may be attacked, but not the complaint. A dismissal by the magistrate of a complaint before issuance of a warrant might properly be viewed as a refusal to issue a warrant, rather than a "dismissal" of the complaint itself.

In a case (*e.g.*, misdemeanor) where the complaint and warrant take the place of an information, they are subject to objection on the ground of duplicity. *People* v. *Jackman* (1893), 96 Mich 269, 274; *Tiedke* v. *Saginaw* (1880), 43 Mich 64.

and on appeal of the conviction contended the trial court had no jurisdiction over him on the new information. The defendant argued that when the earlier information was quashed the court lost jurisdiction over him, and the court could only reacquire jurisdiction upon filing of a new complaint. The Court rejected the defendant's argument and declared (pp 92, 93):

"This information being quashed on the defendant's motion, as no information, the case stood in all respects as if none had before been filed.

"The complaint before the justice, his warrant, commitment and return were still of the same force and virtue as the basis for an information as if that which had been quashed had never been presented. And it would have been a simple outrage upon public justice to have discharged the prisoner, without giving the prosecutor an opportunity to file an information upon the offense for which the prisoner stood committed.

"The court had lost no jurisdiction of the prisoner by the void or defective information which had been quashed."[7]

We would reject an argument by the people that the dismissal of counts 1 and 2 on May 12, 1966, shortly before defendant's return to State prison, prevented the statute from ever becoming operative as to counts 1 and 2, and such counts could thus be tried years hence, irrespective of total inaction in the meantime on the part of the people. Likewise, the dismissal of counts 1 and 2 is not a factor to be weighed in defendant's favor for the purposes of this statute. In the phrase "untried warrant, indictment, information or complaint" the key word is "untried." As long as a charge, once formally

---

[7] The principle so stated in *Mentor* v. *People, supra,* was applied in *Dimmers* v. *Hillsdale Circuit Judge* (1939), 289 Mich 482, and *People* v. *Miklovich* (1965), 375 Mich 536, 539.

lodged, remains untried, it is part of an untried warrant, indictment, information or complaint. Thus, for the purposes of the statute before us, all 3 counts of the original information filed against the defendant remained, even after the dismissal of counts 1 and 2, part of an "untried warrant, indictment, information or complaint."

The "untried warrant, indictment, information or complaint" or, more simply, the untried complaint charging the defendant was "brought to trial", for the purpose of this statute, as to all 3 charges, when good-faith action was taken to bring the cocaine count to trial. Although the 3 offenses originally charged concern possession or dispensing of different drugs on different occasions, at the preliminary examination probable cause was found to have been established principally on the basis of the testimony of one witness. Upon the preliminary examination, the defendant had been bound over for trial on all 3 counts. All that remained was to try the defendant. An underlying premise of the statute is that a prosecutor may properly try less than all the multiple offenses and after such trial proceed against the accused on the remaining charges. The statute does not require that trial dates have been set within the 180-day period for all 3 charges set forth in the "untried warrant, indictment, information or complaint" here before us.

We conclude that in this case the people have discharged the statutory obligation of good-faith and prompt action in prosecuting the untried charges, applicable both to a defendant returned to State prison as a parole violator and one confined in State prison upon conviction of one or more, but less than all, the multiple charges lodged against him. If, upon conclusion of the trial of the heroin counts set forth in the new information, the people do not in compliance with the statute in good faith bring

the untried marijuana count to trial, the defendant may avail himself of the remedy set forth in section 3 of the act (see footnote 3). The salutary objectives of the act can be accomplished in harmony with the orderly administration of justice.

Defendant also asserts that the delay in proceeding to try the heroin count deprived him of his constitutional right to a speedy trial. Const 1963, art 1, § 20. Our Supreme Court has held that a defendant's failure to make a formal demand on the record for a speedy trial requires rejection of a defense predicated on that constitutional requirement. *People* v. *Duncan* (1964), 373 Mich 650; *People* v. *Miklovich* (1965), 375 Mich 536. The defendant in this case failed to make such a demand.

Reversed.

McGregor, P. J., concurred with Levin, J.

Judge Quinn concurs on the basis CLS 1961, § 780.131 (Stat Ann 1965 Cum Supp § 28.969[1]) has no application to this case for the reasons expressed in his dissenting opinion in *People* v. *Haynes* (1967), 5 Mich App 641.