**Harvey KELLEY, Petitioner-Appellant,**

v.

**George A. KROPP, Warden State Prison of Southern Michigan, Respondent-Appellee.**

**No. 19818.**

United States Court of Appeals, Sixth Circuit.

April 22, 1970.

Harvey Kelley, pro se.

Frank J. Kelley, Atty. Gen., Stewart H. Greeman, Asst. Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing Mich., for appellee.

Before WEICK and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Harvey Kelley, petitioner-appellant, from an order of the United States District Court for the Eastern District of Michigan, Southern Division, denying his petition for a writ of habeas corpus. The appellant is confined in the State Prison of Southern Michigan at Jackson, where he is serving a sentence of fifteen to thirty years under a conviction for robbery armed.

This is appellant's second petition in the District Court for a writ of habeas corpus. In his first petition he claimed that he was denied a speedy trial in contravention of his rights guaranteed under the Constitution of the United States. This petition was denied October 14, 1966, in an opinion by the Honorable Wade McCree, then a district judge and now a member of this Court. Kelley v. Kropp, D.C., 259 F.Supp. 417. No appeal was taken from that decision.

The petition now before us involves the application of M.S.A. 28.969(1) and (3). These sections provide in part:

"Section 1.. Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint.

\*   \*   \*   \*   \*   \*

"Section 3. In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." M.C.L.A. §§ 780.131, 780.133.

It is claimed (1) that the court lost jurisdiction of the appellant by failing to bring him to trial within 180 days as provided by the statute and (2) that the indiscriminate application of the 180 day rule was a denial of the equal protection of the law within the meaning of the Fourteenth Amendment to the Constitution of the United States.

The facts of the case are stated in detail in the opinion of Judge McCree in *Kelley v. Kropp,* supra. Briefly, they are as follows: On December 4, 1961 the appellant was transferred from Marquette Prison where he was serving two concurrent sentences to Detroit to answer a warrant which had been issued from the Recorder's Court for the city of Detroit on November 22, 1961, for an alleged armed robbery committed in Detroit in September, 1960. He was arraigned on the information on February 14, 1962, and a trial date set for March 6, 1962. The trial date was adjourned from time to time at the request of the prosecutor until the trial was finally commenced on December 17, 1962.

A motion to dismiss the petition in this case was filed on behalf of the respondent upon which briefs were submitted and a hearing held. The appellant was represented by counsel.

The Honorable Talbot Smith, district judge, in a comprehensive opinion sustaining the motion, held that in accordance with the Michigan authorities [1] interpreting the statute in question there was no showing that, under the facts of this case, there was any violation of the statute. He also held that there was no showing that the State acted in anything but good faith.

The district judge also held that no facts were submitted either in the briefs or upon oral argument that would support a claim of a denial of equal protection of the law. Each case would have to be considered on its own particular facts to determine whether there was compliance with the statute. Where it is held that the trial was in compliance with the statute there could be no denial of the equal protection of the law.

Affirmed.

1. People v. Hendershot, 357 Mich. 300, 98 N.W.2d 568; People v. Castelli, 370 Mich. 147, 121 N.W.2d 438; People v. Haynes, 5 Mich.App. 641, 147 N.W.2d 714; People v. Williams, 9 Mich.App. 676, 158 N.W.2d 42.