PEOPLE *v.* FARMER

CRIMINAL LAW—TRIAL—INCARCERATED DEFENDANT—STATUTE—JURIS-
DICTION OF TRIAL COURT.
    Conviction of armed robbery of defendant, who was already serv-
    ing a prison sentence for another offense, *held*, reversed for
    lack of jurisdiction by the trial court, where defendant's trial
    did not begin within 180 days after notice was received that
    there was a charge pending against defendant and that he
    was incarcerated, and there was no good cause shown for the
    delay (CLS 1961, §§ 780.131, 780.133).

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 January 16, 1969, at Detroit. (Docket No. 5,699.) Decided February 25, 1969.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 249, 254.

Herbert Farmer was convicted of robbery armed. Defendant appeals.  Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Alan A. May,* for defendant on appeal.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

R. B. BURNS, J.  Defendant was arrested January 12, 1967, and was arraigned before the recorder's court of the city of Detroit, January 14, 1967.  On April 6, 1967, an information was filed and the defendant was arraigned on the information.

Defendant was sentenced to 25 to 50 years on a different charge April 26, 1967, and remanded to the department of corrections.  A notation of that sentence appears on the mittimus in default of bail of the instant case.

A notice was sent to defense counsel on January 23, 1968, informing him that trial would be held on February 23, 1968.  Defendant moved to dismiss the case for lack of jurisdiction because 303 days had expired since he was sentenced on April 26, 1967.

MCLA § 780.131 (Stat Ann 1969 Cum Supp § 28.969[1]) provides:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which

a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of inprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."

MCLA § 780.133 (Stat Ann 1969 Cum Supp § 28.969[3]) provides:

"In the event that, within the time limitation set forth in section 1 of this act, [§ 780.131] action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

The people contend that the statute is not applicable because the record does not indicate when the required written notice was sent to the department of corrections, nor when the required certified letter was sent from the department of corrections to the Wayne county prosecutor.

The Supreme Court, in *People* v. *Hendershot* (1959), 357 Mich 300, 303, 304, said:

"Clearly, if no action is taken and no trial occurs within 180 days, the statute applies. If some pre-

liminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly, the statute opens the door to a finding by the court that good-faith action was not commenced as contemplated by section 3, thus requiring dismissal."

In the present case 272 days had elapsed without any action having been taken. As stated in *People* v. *Haynes* (1967), 5 Mich App 641, 648, 649:

"The prosecutor in a case which originated in his county is certainly charged with a duty to keep his own records up to date and to give the department notice of the proceedings if he is desirous of receiving information from the department pursuant thereto. If the prosecutor did not give the department the necessary information, it would follow that the department could not be expected to give him subsequent notice."

The statutory procedures were not followed and no good cause was shown for such delay. The court was without jurisdiction.

The conviction and judgment are reversed.

All concurred.