## PEOPLE *v.* PARKER

1. CRIMINAL LAW—PENAL INMATES—UNTRIED CHARGES—NOTICE—
   TRIAL—180 DAYS—STATUTES.

   Any inmate of a penal institution against whom there is
   pending an untried warrant, indictment, information, or com-
   plaint setting forth a criminal offense for which imprison-
   ment could result on conviction, shall be brought to trial
   within 180 days after the Department of Corrections has
   delivered to the prosecuting attorney of the appropriate
   county a written notice of an inmate's place of imprison-
   ment and a request for the final disposition of those untried
   charges (MCLA § 780.131).

2. CRIMINAL LAW—PENAL INMATES—UNTRIED CHARGES—TRIAL—180
   DAYS—STATUTES—PURPOSES.

   The statute relating to disposition of untried warrants, in-
   dictments, informations or complaints pending against any
   penal inmate seeks to secure to those inmates the enjoyment
   of that legal rule which, in the absence of a statute other-
   wise providing, prohibits imposition of a sentence to com-
   mence upon expiration of another sentence and insures to
   an inmate a speedy trial under conditions where he is unable
   to maintain personal contact with his witnesses (MCLA
   § 780.131).

3. CRIMINAL LAW—PENAL INMATES—UNTRIED CHARGES—TRIAL—180
   DAYS—PROSECUTOR—GOOD FAITH.

   Continued good-faith action is required of a prosecutor to keep
   alive criminal charges pending against a penal inmate, and
   if a prosecutor takes some preliminary action against an in-
   mate, which is followed by an inexcusable delay beyond that

---

REFERENCES FOR POINTS IN HEADNOTES

[1–9] 21 Am Jur 2d, Criminal Law § 249 *et seq.*
    41 Am Jur 2d, Indictments and Informations § 13.
[6] 21 Am Jur 2d, Criminal Law §§ 378, 379,

statutory 180-day trial period and an evident intent not to bring an inmate to trial, a court, if it finds that good faith is lacking, must dismiss that case (MCLA §§ 780.131, 780-.133).

4. CRIMINAL LAW—PENAL INMATES—UNTRIED CHARGES—STATUTES —GOOD-FAITH ACTION.

Statute providing for disposition of untried criminal charges pending against penal inmates does not require that trial action be commenced so early within the statutory 180-day period as to insure trial or completion of trial within that time but requires instead that apparent good-faith action be taken well within that 180-day period and that the people proceed promptly thereafter toward readying the case for trial (MCLA § 780.131).

5. CRIMINAL LAW—PENAL INMATES—UNTRIED CHARGES—TRIAL—180 DAYS—STATUTES—DISMISSAL.

A court must dismiss with prejudice any action against a penal inmate on pending untried charges where a prosecutor has failed to commence action on those charges within 180 days after the Department of Corrections has notified him of the inmate's place of imprisonment and has requested final disposition of the untried charges (MCLA §§ 780.131, 780.133).

6. COURTS—JURISDICTION—STATUTES.

Jurisdiction of subject matter cannot be conferred upon a court by the parties' consent or waiver where by statute a court has no jurisdiction.

7. CRIMINAL LAW—PENAL INMATES—UNTRIED CHARGES—PLEA OF GUILTY—COURTS—JURISDICTION—STATUTES.

Defendant prison inmate's plea of guilty of attempted larceny in a building and his failure to object to the almost year delay in bringing his case to trial did not confer jurisdiction of the subject matter upon the trial court where jurisdiction was precluded by statute when the people failed to commence action against defendant within the prescribed 180-day period (MCLA §§ 750.92(3), 750.360, 780.131, 780.133).

8. CRIMINAL LAW—PENAL INMATES—UNTRIED CHARGES—PROSECU-TOR—NOTICE—DEPARTMENT OF CORRECTIONS.

A prosecutor in a case which originated in his county has a duty to keep his records up to date and to notify the Department of Corrections of untried charges against an inmate if that prosecutor desires to receive information from

that department regarding an inmate since the Department
of Corrections cannot be expected to give a prosecutor such
information without knowing he desired it (MCLA § 780.131).

9. CRIMINAL LAW—PENAL INMATES—UNTRIED CHARGES—PROSECU-
   TOR—DUTY—NOTICE—DEPARTMENT OF CORRECTIONS.

   The statute relating to disposition of untried warrants, indict-
   ments, informations, or complaints against prisoners implicitly
   places a duty upon a prosecutor to notify the Department of
   Corrections within a reasonable time that untried charges are
   outstanding against an inmate and also places a duty upon
   that department to respond; consequently, a breach of these
   duties cannot be later raised to bar application of that stat-
   ute, thereby frustrating the intent of the legislature (MCLA
   § 780.131).

Appeal from Wayne, John M. Wise, J. Submitted
Division 1 January 8, 1970, at Detroit. (Docket No.
6,155.) Decided February 3, 1970.

Charles Parker was convicted, on his plea of guil-
ty, of attempted larceny in a building. Defendant
appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Arthur N. Bishop,* Assistant
Prosecuting Attorney, for the people.

*Max E. Klayman,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and
QUINN, JJ.

LESINSKI, C. J. Defendant Charles Parker was
found guilty of attempted larceny in a building[1]

---

[1] MCLA § 750.360 (Stat Ann 1954 Rev § 28.592), and MCLA
§ 750.92(3) (Stat Ann 1962 Rev § 28.287[3]).

following acceptance of his plea of guilty. Defendant brings this appeal.

On March 10, 1966, an adding machine was stolen from a store in Livonia. Two days later a complaint was issued against defendant and another man. On June 14, 1966, defendant was arraigned and a plea of not guilty was entered upon his standing mute.

Defendant was released on bond. While out on bond defendant was arrested for another crime, tried, convicted and sentenced to a term of two to five years. On March 31, 1967, he entered Jackson prison to serve that sentence.

On March 13, 1968, the prosecutor petitioned for, and was granted, a writ of *habeas corpus* to have defendant released from Jackson to stand trial for the theft of the adding machine. Defendant pleaded guilty to the lesser included offense of attempted larceny in a building on April 19, 1968.

The sole issue raised on this appeal is the applicability of the "180-day" rule contained in MCLA § 780.131 (Stat Ann 1969 Cum Supp § 28.969[1]). The first section of the statute reads:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner

is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."

The policy behind this statute has been set forth in prior cases. In *People* v. *Williams* (1968), 9 Mich App 676, 682, this Court stated:

"The statute seeks to secure to those serving sentences in a state prison the enjoyment of the rule of law which, in the absence of a statute otherwise providing, prohibits imposition of a sentence to commence upon completion or expiration of another sentence. *In re Carey* (1964), 372 Mich 378, 380."

See, also, *People* v. *Loney* (1968), 12 Mich App 288.[2] The statute also has the effect of insuring a speedy trial under conditions where defendant is unable to maintain personal contact with his witnesses.

The key element required of the prosecutor under the statute to keep the case alive is continued good-faith action. As stated in *People* v. *Hendershot* (1959), 357 Mich 300, 303, 304:

"Clearly, if no action is taken and no trial occurs within 180 days, the statute applies. If some preliminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly, the statute opens the door to a finding by the court that good-faith action was not commenced as con-

---

[2] This Court, in *People* v. *Loney* (1968), 12 Mich App 288, 292, rephrased the policy as follows:

"The purpose of the statute is clear. It was intended to give the inmate, who had pending offenses not yet tried, an opportunity to have the sentences run concurrently consistent with the principle ' of law disfavoring accumulations of sentences."

templated by § 3, thus requiring dismissal. The statute does not require the action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period. If, as here, apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met."

See, also, *People* v. *Castelli* (1963), 370 Mich 147.

In the instant case it is clear that the 180-day rule was not met. No action whatsoever was taken by the prosecutor following defendant's imprisonment on the second charge on March 31, 1967, until March 13, 1968.[3] The prosecutor offers this Court no excuse for the delay of nearly a year.

The prosecutor, however, does argue that the issue has been waived both by defendant's failure to raise the issue below and by his pleading to the information. We disagree.

The third section of the "180-day" rule statute (MCLA § 780.133 [Stat Ann 1969 Cum Supp § 28.969 (3)]) reads:

"In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

The clear import of this section is to deny jurisdiction to the courts where the provisions of § 1 are not met.

---

[3] Indeed, we note that other than the return of service for several subpoenas in October and November of 1966, no action was taken by the prosecutor in the instant case between the arraignment in June, 1966, and the motion for the writ of *habeas corpus* in March, 1968, some 21 months later.

In *Nichols* v. *Houghton Circuit Judge* (1915), 185 Mich 654, the Court was faced with a question concerning the granting by a trial court of a new trial on its own motion in a criminal case, at a time when the defendant had lost the right to file such a motion. At p 665, the Court stated, with regard to the fact that the prosecutor therein had previously consented to the motion: "This Court has never held that jurisdiction of the subject-matter can be conferred by consent or waiver."[4] And, continuing at p 666:[5]

"The authority is uniform that jurisdiction of the subject-matter cannot be conferred by consent of the parties, or by want of objection, upon a court, where, by statute, it has none. 1 Bishop's New Criminal Procedure, § 123, stated the rule as follows:

"'Jurisdiction comes solely from the law, in no degree from consent of litigants. So that neither consent nor anything else can authorize a court to act in a cause outside the sphere which the law has ordained for it.'"

See, also, 1 Gillespie, Mich Criminal Law & Procedure (2d ed), § 60.

Defendant was incapable of conferring on the trial court the jurisdiction which had been removed by statute. The trial court was without jurisdiction to accept the guilty plea and the untried complaint, upon which the case was based, was void at the time of the plea. The plea was, therefore, without effect and cannot act as an estoppel. By the terms of the

---

[4] *Nichols* v. *Houghton Circuit Judge* (1915), 185 Mich 654, was later followed in *People* v. *Wilson* (1929), 246 Mich 282, where the Court held the statutory period for motions for new trials to be jurisdictional.

[5] Among the authorities cited by the Court in *Nichols, supra,* is *Perkins* v. *Perkins* (1913), 173 Mich 690, a civil suit, thereby indicating that the rule for waiving subject-matter jurisdiction is the same for civil and criminal actions. For the general rule in civil suits, see: 20 Am Jur 2d, Courts, § 95.

statute the only proper action for the trial court was to enter an order dismissing the case with prejudice.

The prosecutor also argues "that no notification to the involved department was received prior to the time defendant was brought back to [Wayne County] * * * March 13, 1968, for trial on the matter now at bar."[6] The argument is based on the following language of the statute:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant * * * against any inmate * * * such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, * * * is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant."

A similar argument was raised in *People* v. *Farmer* (1969), 16 Mich App 148, 150:

"The people contend that the statute is not applicable because the record does not indicate when the required written notice was sent to the department of corrections, nor when the required certified letter was sent from the department of corrections to the Wayne county prosecutor."

In rejecting the argument this Court cited our prior decision in *People* v. *Haynes* (1967), 5 Mich App 641, 648, 649:

"The prosecutor in a case which originated in his county is certainly charged with a duty to keep his

---

6 The only letter from the Department of Corrections is one addressed to defendant's attorney dated October 14, 1968 and stating *inter alia:* "We received no notification relating to the attempted larceny from a building charge prior to his being released to stand trial."

own records up to date and to give the department notice of the proceedings if he is desirous of receiving information from the department pursuant thereto. If the prosecutor did not give the department the necessary information, it would follow that the department could not be expected to give him subsequent notice."

The statute implicitly places a duty on the prosecutor to notify the Department of Corrections within a reasonable time that an untried warrant, indictment, information or complaint is outstanding against the defendant and a duty on that department to respond. A breach of these duties cannot be later raised to bar application of the statute and, thereby, frustrate the intent of the legislature.

Judge QUINN concurs in this opinion although it is contrary to his views as expressed in *People v. Haynes* (1967), 5 Mich App 641. No other judge of this Court having agreed with his views expressed in *Haynes,* and the Supreme Court not having passed on them, he feels it would be nothing but obstinacy to reassert his views.

Reversed.

All concurred.