## PEOPLE v. THOMAS

1. CRIMINAL LAW—PENAL INMATES—UNTRIED CHARGES—NOTICE—TRIAL—180-DAY RULE—STATUTES.

   Statute requiring a penal inmate to be brought to trial on untried charges within 180 days after the Department of Corrections has requested the prosecuting attorney of the appropriate county to dispose of such charges implicitly places a duty not only on the prosecutor to notify the department within a reasonable time that there are untried charges pending against an inmate but also a duty on the department to respond, and a breach of these duties cannot be later raised to bar application of the 180-day rule and thereby frustrate legislative intent (MCLA §§ 780.131, 780.133).

REFERENCE FOR POINTS IN HEADNOTES

[1-6] 21 Am Jur 2d, Criminal Law §§ 249, 254.

2. Criminal Law—Penal Inmates—Untried Charges—Notice -
Implied Notice—Statutes.

> The law will imply notice at the time when all necessary facts to
> give proper notice under the statute relating to the disposition
> of untried charges are known to the prosecutor's office (MCLA
> § 780.131).

3. Criminal Law—Penal Inmates—Untried Charges—Trial—
180-Day Rule—Statutes.

> Statute relating to disposition of untried criminal charges against
> a penal inmate does not require a prosecuting attorney to bring
> that inmate to trial so early within the statutory 180-day pe-
> riod as to insure completion of that trial within that period
> (MCLA §§ 780.131, 780.133).

4. Criminal Law—Penal Inmates—Untried Charges—Trial—
180-Day Rule—Prosecutor—Good-Faith Action.

> Continued good-faith action is required of a prosecuting attorney
> in bringing a penal inmate to trial on untried charges within
> 180 days after the Department of Corrections has requested
> disposition of those charges, and unless that prosecutor pro-
> ceeds promptly and with dispatch toward readying that in-
> mate's case for trial, the state courts will lose jurisdiction once
> the 180 days have expired (MCLA §§ 780.131, 780.133).

5. Criminal Law—Penal Inmate—Untried Charges—Trial—
180-Day Rule—Statutes.

> Statutory 180-day period for bringing defendant to trial on pend-
> ing untried charges was tolled by defendant's physical inability
> to stand trial and the statutory period did not begin to run
> until after defendant's prison hospitalization had terminated
> (MCLA § 780.131).

6. Criminal Law—Penal Inmate—Untried Charges—Trial—
Inmate's Incapacitation.

> Requiring a prosecuting attorney to bring a penal inmate to trial
> on pending untried charges at a time when that inmate is phys-
> ically unable to stand trial would be to require that prosecutor
> to do a useless act, consequently, the statutory 180-day period
> does not begin to run until that inmate is physically able to
> stand trial (MCLA § 780.131).

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J.  Submitted Division 1 January

5, 1970, at Detroit.  (Docket No. 6,064.)  Decided February 4, 1970.

Allen Mitchell Thomas was convicted of breaking and entering.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *William B. McIntyre, Jr.,* Assistant Prosecuting Attorney, for the people.

*John N. Colucci,* for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

LESINSKI, C. J.  Defendant Allen Thomas was convicted after a nonjury trial, of breaking and entering, MCLA § 750.110 (Stat Ann 1962 Rev § 28.305). On appeal as of right this Court remanded[1] for the purpose of establishing a testimonial record detailing the reasons for the delay in bringing defendant to trial and a redetermination by the trial court of its previous denial of defendant's motion to dismiss.  The hearing was held, and the trial court reaffirmed its denial of defendant's motion.

At the beginning of 1967, defendant was on parole from Jackson prison where he was serving a sentence for armed robbery.  On February 2, 1967, defendant was arrested on the instant charge of breaking and entering.  The arraignment on the warrant was held February 3, 1967, and defendant was released on bond February 4, 1967.

---

[1] By order dated January 13, 1969, retaining jurisdiction.

While free on bond defendant made a trip to Canada in search of employment, where he was detained and questioned by Windsor police on an unrelated matter. Following interrogation defendant was surrendered to the custody of his probation officer who had defendant placed in the Wayne County Jail as a parole violator. On March 17, 1967, he was returned to Jackson prison.[2]

On May 22, 1967, a writ of *habeas corpus* was issued for the purpose of having defendant returned for trial on the breaking and entering charge. Approximately three weeks earlier, however, defendant had undergone exploratory surgery at the prison hospital. On May 29th, the hospital administrator sent a copy of a memo to police officials recommending that defendant not be released for at least 30 days.[3]

No further action was taken on the case until January 18, 1968, when a second writ of *habeas corpus* was issued. Defendant was arraigned on the information on January 22, 1968 and tried on April 18th and 19th.

On January 31, 1968, following the arraignment, defendant filed a motion to quash the information and dismiss the case with prejudice. The motion was based on the "180-day" rule contained in MCLA §§ 780.131, 780.133 (Stat Ann 1969 Cum Supp §§ 28.969[1], [3]), which provide:

"Whenever the department of corrections shall receive notice that there is pending in this state any

---

[2] At a hearing before the parole board, defendant was held to have violated probation and his sentence was continued.

[3] The memo reads:

"'Subject: 106732; Thomas, Allen;

"'Mr. Thomas underwent exploratory surgery following gunshot wound to the abdomen. This surgery was accomplished May 3, 1967, by Doctor Mittler. The wound is not yet healed and is still draining.

"'Therefore, it is recommended he not be released upon court order for at least another thirty days.

"'John A. White, Hospital Administrator.'"

untried warrant, indictment, information or com-
plaint setting forth against any inmate of a penal
institution of this state a criminal offense for which
a prison sentence might be imposed upon conviction,
such inmate shall be brought to trial within 180 days
after the department of corrections shall cause to
be delivered to the prosecuting attorney of the coun-
ty in which such warrant, indictment, information
or complaint is pending written notice of the place
of imprisonment of such inmate and a request for
final disposition of such warrant, indictment, in-
formation or complaint. The request shall be ac-
companied by a statement setting forth the term of
commitment under which the prisoner is being held,
the time already served, the time remaining to be
served on the sentence, the amount of good time
earned, the time of parole eligibility of the prisoner
and any decisions of the parole board relating to
the prisoner. The written notice and statement
provided herein shall be delivered by certified mail.
* * *

"In the event that, within the time limitation set
forth in section 1 of this act, action is not com-
menced on the matter for which request for dis-
position was made, no court of this state shall any
longer have jurisdiction thereof, nor shall the un-
tried warrant, indictment, information or complaint
be of any further force or effect, and the court shall
enter an order dismissing the same with prejudice."

The motion was denied.

The issue raised on this appeal is whether the
180-day period provided by statute had run prior
to defendant's being brought to trial.

Initially, it is necessary to determine on what
date the period started running. The prosecutor
argues that it can only start when the department of
corrections sends the statutory notice. Where, as
in the instant case no notices were ever sent, this
construction would effectively mean that the statu-

tory period never starts. The prosecutor's position has been repeatedly rejected in this Court. See *People* v. *Haynes* (1967), 5 Mich App 641; *People* v. *Farmer* (1969), 16 Mich App 148; *People* v. *Parker* (1970), 21 Mich App 399.

In *People* v. *Parker, supra,* at 399, we stated:

"The statute implicitly places a duty on the prosecutor to notify the Department of Corrections within a reasonable time that an untried warrant, indictment, information or complaint is outstanding against the defendant and a duty on that department to respond. A breach of these duties cannot be later raised to bar application of the statute and, thereby, frustrate the intent of the legislature."

From the point that it is the prosecutor's duty to act within a reasonable time and that breach of duty will not frustrate the intent of the legislature, it follows that where, as here, no notice was sent, the law will imply notice at the time when all necessary facts to give the proper notice are known to the prosecutor's office.[4]

---

[4] This conclusion was impliedly reached in *People* v. *Haynes* (1967), 5 Mich App 641, where the Court stated, beginning at 647:

"Query: Did the department of corrections have notice of the June 21, 1961 disposition of the case? If it had notice of the continuance, the department's nonaction cannot be said to have tolled the statute. The attorney general's opinion clearly sets forth the requirement that the department of corrections has the duty to keep the prosecutor's office 'posted' on the inmate's condition under such circumstances. If the other view is taken, *i.e.,* that it was the duty of the prosecutor to keep the case active by making the appropriate inquiries, the warden's letter of August 11, 1965, and the affidavit of the medical director both indicate a lack of any follow-up by the prosecuting attorney. Therefore, if the department of corrections knew of the continuance of June 21, 1961, the *department's* failure to give the statutory notice cannot be held to have tolled the statute to the defendant's detriment.

"If the department of corrections did not have knowledge of the disposition of the case on June 21, 1961, it could not, of course, give the required statutory notice to the county prosecuting attorney. The affidavit previously discussed stated that the medical records indicate that no inquiry was made concerning a status report on Haynes' heart; and, further, that had a writ of *habeas corpus* been issued, he would have been returned. The prosecutor in a case which originated in his county is certainly charged with a duty to keep his own records up to

The rules governing the running of the period were set forth in *People* v. *Hendershot* (1959), 357 Mich 300, beginning at 303:

"Clearly, if no action is taken and no trial occurs within 180 days, the statute applies. If some preliminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly, the statute opens the door to a finding by the court that good-faith action was not commenced as contemplated by section 3, thus requiring dismissal. The statute does not require the action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period. If, as here, apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met."

The key, therefore, is continued good-faith action by the prosecutor, following "good-faith action * * * taken within the period." See, also, *People* v. *Parker, supra.* Once the 180-day statutory period runs out, the courts of the state lose jurisdiction,[5] unless "the people proceed promptly and with dispatch thereafter toward readying the case for trial."

In the instant case the prosecuting authorities were notified on May 29, 1967 that defendant could not be released from the prison hospital for at least 30 days. (*Supra,* footnote 3.) Accordingly, this hospitalization would have terminated on or about June 28, 1967, and the 180-day statutory period would have commenced to run and terminated on or about De-

---

date and to give the department notice of the proceedings if he is desirous of receiving information from the department pursuant thereto. If the prosecutor did not give the department the necessary information, it would follow that the department could not be expected to give him subsequent notice."

[5] MCLA § 780.133 (Stat Ann 1969 Cum Supp § 28.969[3]).

cember 25, 1967. However, defendant remained hospitalized until August 14, 1967, as revealed by the evidentiary hearing to determine the reasons for not taking action to bring the defendant to trial before January 9, 1968. Defendant was not physically able to stand trial until the August date.

Under the circumstances of this case we find that to require the prosecutor to take action to bring the defendant to trial before August 14, 1967, would be to require the prosecutor to do a useless act. Consequently, we find that the running of the statute was tolled by defendant's physical inability to stand trial and that the 180 days under the statute commenced to run as of August 14, 1967.

All action taken by the prosecutor after August 14, 1967 indicates good-faith action to bring the defendant to trial, taken well within the time limitation of the statute.

Affirmed.

All concurred.