PEOPLE v STOUDEMIRE

1. CONSTITUTIONAL LAW—CRIMINAL LAW—SPEEDY TRIAL—INCARCER-
   ATED DEFENDANT—STATUTES.

   The constitutional right to a speedy trial of an incarcerated
   defendant has been observed when there has been compliance
   with the statute regulating the time for the commencement of
   criminal proceedings against one serving a prison sentence
   (MCLA 780.131).

2. CRIMINAL LAW—SENTENCING—STATUTES.

   A sentence may not be imposed to begin at the expiration of
   another sentence, absent statutory authority.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—SPEEDY TRIAL—INCARCER-
   ATED DEFENDANT—STATUTES.

   A breach of duty by state officials to bring an incarcerated
   defendant to trial on pending charges in compliance with
   statutory time requirements cannot toll the statute to the
   defendant's detriment (MCLA 780.131, 780.133).

4. CONSTITUTIONAL LAW—CRIMINAL LAW—SPEEDY TRIAL—INCARCER-
   ATED DEFENDANT—COURTS—JURISDICTION—STATUTES.

   An inmate of the department of corrections charged with another
   offense must be tried on that charge within 180 days; if the
   trial does not occur within 180 days, the trial court no longer
   has jurisdiction; the 180-day period limiting the time in which
   an inmate must be brought to trial on other pending charges
   does not begin to run prior to the time that the inmate was
   delivered to the state penitentiary from the county jail (MCLA
   780.131, 780.133).

Appeal from Recorder's Court of Detroit, Donald
S. Leonard, J. Submitted June 9, 1975, at Lansing.
(Docket Nos. 20291, 20462.) Decided August 26,
1975.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 21 Am Jur 2d, Criminal Law §§ 249, 250, 254.
[2] 21 Am Jur 2d, Criminal Law § 543.

Ernest Stoudemire was convicted, on his plea of guilty, of two separate charges of assault with intent to rape. Defendant appeals each conviction. Cases consolidated on appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Barbara L. Betsey,* Assistant State Appellate Defender, for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. Holbrook, Jr., JJ.

V. J. BRENNAN, J. Defendant, Ernest Stoudemire, was arrested on October 12, 1972 and charged with two separate violations of MCLA 750.520; MSA 28.788, the carnal knowledge of a female over 16 years of age. Preliminary examinations on both charges were held on November 2, 1972, and trials were set for December 29, 1972.

Defendant's trials were adjourned to await the outcome of an unrelated trial in Wayne Circuit Court. In that trial defendant was found guilty and sentenced on May 30, 1973. On June 13, 1973, defendant was delivered to the state penitentiary in Jackson, Michigan.

The prosecuting attorney obtained a writ of habeas corpus on November 28, 1973 in order to have defendant transferred to the Wayne County Jail to stand trial on the two pending charges. Defendant was retransferred to the Wayne County Jail on December 7, 1973. The trials, which had been set for December 10, were adjourned to allow

defense motions before the trial court and this Court. On March 12, 1974, defendant entered pleas of guilty of assault with intent to rape to each of the charges, and was sentenced to concurrent terms of 6-1/2 to 10 years in the state penitentiary at Jackson, Michigan. Defendant appeals each of the convictions as of right. These cases have been consolidated on appeal.

Defendant contends on appeal that the trial court was without jurisdiction to accept his pleas of guilty because he was denied his constitutional right to a speedy trial and because of the state's noncompliance with MCLA 780.131; MSA 28.969(1). Since the Michigan Supreme Court has held that the constitutional right to a speedy trial has been observed when there has been compliance with this statute, *People v Castelli,* 370 Mich 147, 153; 121 NW2d 438, 441 (1963), we find the statutory issue dispositive in this case.

Section 1 of MCLA 780.131; MSA 28.969, states:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the pris-

oner. The written notice and statement provided herein shall be delivered by certified mail."

Further, MCLA 780.133; MSA 28.969(3), states:

"In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

In the instant case neither the prosecutor's office nor the department of corrections complied with the notice requirements of the statute. Defendant contends that such noncompliance cannot toll the statute to his detriment, and consequently that the statutory period began to run on May 30, 1973, the day he was sentenced in Wayne Circuit Court pursuant to the unrelated matter. Since 182 days elapsed from the date of sentencing, May 30, 1973, to November 28, 1973, when the prosecutor's office obtained a writ of habeas corpus, defendant argues that the statutory period was exceeded, and that the court was without jurisdiction to accept his pleas of guilty, which requires that the court enter an order dismissing the matters with prejudice.

We are thus presented with the very narrow question of whether, in the absence of the prescribed statutory notices by the county prosecutor's office and the state department of corrections, the 180-day statutory period can begin to run while the defendant is in a county jail subsequent to sentencing while awaiting transfer to a state penitentiary.

Absent statutory authority, a sentence may not

be imposed in Michigan to begin at the expiration of another sentence. *In re Bloom,* 53 Mich 597; 19 NW 200 (1884), *In re Lamphere,* 61 Mich 105; 27 NW 882 (1886), *In re Allison,* 322 Mich 491; 33 NW2d 917 (1948). The statute in question seeks to secure to those serving sentences in a state prison the enjoyment of this rule of law. *People v Williams,* 9 Mich App 676, 682; 158 NW2d 42, 46 (1968). The Legislature made the scope of the act clear in its statement of purpose.

"An act to dispose of untried warrants, indictments, informations or complaints against inmates of penal institutions of this state."

This statement, and references in the language of the statute to the department of corrections, as well as the absence of any reference therein to county jails lead us to conclude that the Legislature did not intend the statute to apply to inmates of county jails. Neither are we able to find any Michigan authority to support such a construction of the statute.

Defendant relies on the rule of implied notice as stated in *People v Thomas,* 21 Mich App 465; 175 NW2d 540 (1970). Clearly, a breach of duty by state officials cannot toll the statute to the defendant's detriment. *Thomas* and related cases are inapposite, however, because they all involved defendants who had been previously delivered to a state penitentiary.

The Michigan Supreme Court was faced with this issue in People v Castelli, 370 Mich 147; 121 NW2d 438 (1963), where the defendant contended that the statutory period had begun to run while he was being detained in a county jail for 4 months after a warrant had issued for his arrest for an offense in another county. The Court stated:

"In this case the department of corrections never did notify the prosecuting attorney of Oakland county of defendant's imprisonment or request disposition of the information. However, inasmuch as defendant was not delivered to the department and to State prison until March 3, 1961, no duty could have reposed on the department to do so before that date." *Castelli, supra,* at 153; 121 NW2d at 441.

By counting the date of delivery as the earliest possible date by which the 180-day period could have begun to run, the Court held that jurisdiction to try the defendant had not been lost. Further, in *People v Harrison,* 386 Mich 269; 191 NW2d 371 (1971), the Michigan Supreme Court construed the statute in question stating that it:

" * * * requires an inmate of the Department of Corrections charged with another offense to be tried on that charge within 180 days. If such trial does not occur within 180 days, the trial court no longer has jurisdiction over the matter.

"The defendant in the instant case was delivered to the Department of Corrections on January 27, 1966. The 180-day period could not begin to run prior to that time." *Harrison, supra,* at 276–277; 191 NW2d at 375.

Finally, defendant contends that to construe the statute as requiring actual delivery of the defendant to the state penitentiary as a condition precedent to the running of the 180-day period would allow the prosecutor's office to frustrate the will of the Legislature by delaying delivery of a defendant to the state penitentiary for an unreasonable length of time after conviction and sentencing. That is not the case here and that question is not before us, so we need not decide it. We need only hold in this case that the 180-day period did not begin to run prior to the time that the defendant

was delivered to the state penitentiary from the county jail. Since that period had not expired, the trial court had jurisdiction to accept the guilty pleas.

Convictions affirmed.