## PEOPLE v PITSAROFF (ON REMAND)

Docket No. 58089. Submitted November 5, 1982, at Detroit.—Decided
March 14, 1983.

Thomas J. Pitsaroff was convicted, on his plea of guilty, of
conspiracy to bring controlled substances into prison, Jackson
Circuit Court, Russell E. Noble, J. The defendant appealed,
alleging that the trial court erred by denying a motion to
dismiss based upon an alleged violation of the rule requiring
proceedings on an untried charge to be instituted against an
inmate within 180 days of the requisite notice to the prose-
cutor. The Court of Appeals reversed the defendant's convic-
tion. *People v Pitsaroff,* 102 Mich App 226; 301 NW2d 858
(1980). The prosecutor applied for leave to appeal to the Su-
preme Court. The Supreme Court, in lieu of granting leave to
appeal, reversed the judgment of the Court of Appeals, re-
manded the case to the Court of Appeals, and instructed the
Court of Appeals to retain jurisdiction and remand the case to
the circuit court for the making of a testimonial record to
determine the reasons for the delay between the defendant's
arraignment and plea and then determine whether the 180-day
rule was violated, 411 Mich 941 (1981). The case was remanded
to the circuit court, a hearing was held, and the transcript was
filed with the Court of Appeals. Now *held:*

The prosecuting attorney failed to meet his burden of proof
to establish adequate reason for the delay between the defen-
dant's arraignment and plea. The record does not indicate that
the defendant requested a delay. After the circuit court ar-
raignment the case was neither set for trial nor set for a time
for the defendant to plead until long after the 180-day period
had passed.

Reversed and the case dismissed.

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

The prosecution has the burden of establishing good faith action
in readying a case for trial to comply with the statute which
provides a 180-day period in which a state prison inmate must

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21A Am Jur 2d, Criminal Law §§ 652 *et seq.,* 857, 858.

be brought to trial on an outstanding warrant where there has been a delay in the trying of the defendant. (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

Continued good-faith action is required of a prosecutor to keep alive criminal charges pending against a penal inmate, and if a prosecutor takes some preliminary action against an inmate, which is followed by an inexcusable delay beyond the statutory 180-day trial period and an evident intent not to bring an inmate to trial, a court, if it finds that good faith is lacking, must dismiss the charge (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Terence R. Flanagan),* for defendant on appeal.

ON REMAND

Before: T. M. BURNS, P.J., and BEASLEY and J. H. GILLIS, JJ.

PER CURIAM. On appeal, this Court reversed defendant's conviction and dismissed the charges for violation of the 180-day rule, MCL 780.131; MSA 28.969(1).[1] On application for leave to appeal by the prosecutor, the Supreme Court, on May 27, 1981, issued an order vacating the Court of Appeals decision and remanding the case to us with a direction to remand the matter to the circuit court for the making of a testimonial record concerning the reasons for the delay between defendant's arraignment and the date of the guilty plea.[2] That remand was made and the required hearing was

[1] 102 Mich App 226; 301 NW2d 858 (1980).
[2] 411 Mich 941 (1981).

held in the circuit court. Subsequently, the transcript of that hearing was prepared and filed with this Court.

The transcript indicates that counsel for defendant testified that the assistant prosecutor told him at the date set for the preliminary examination that the proposed plea would have to be made at the time of arraignment in circuit court. That prosecutor, referred to as Mr. Ray, said that he did not have any authority to extend the plea-bargained offer beyond the date of circuit court arraignment. Defense counsel was directed to Joseph Filip, the Chief Assistant Prosecuting Attorney, who told him that the prosecutor's office would review the case involving the codefendant, Patricia Jones, and would decide on a plea offer to defendant after decision on a plea for Patricia Jones. Filip was alleged to have told defense counsel that at that time defendant could either accept or refuse the plea offer that would be made.

Defense counsel testified that Filip did not specify the precise crime to which defendant could offer a plea. Between July 11, 1978, the date of the circuit court arraignment, and March, 1979, no contact was made by the prosecutor's office with defense counsel. In January, 1979, defendant made a written request for a speedy trial. Defense counsel said in so many words that the purpose for the delay was to determine what happened to Patricia Jones and, therefore, to determine if defendant would receive a better deal.

The burden was on the prosecutor to justify the long delay in bringing defendant before the court to plead.[3] The prosecutor claims that defendant

[3] *People v Forrest,* 72 Mich App 266, 273; 249 NW2d 384 (1976); *People v Wright,* 89 Mich App 244, 250; 280 NW2d 836 (1979); 1 Gillespie, Michigan Criminal Law & Procedure (1979 rev ed), § 98, p 155.

requested the delay for the purpose of hoping that he would receive a better offer of a plea. However, the record does not support the conclusion that defendant requested a delay. Neither does the transcript indicate that the prosecutor offered defendant a plea to a specific offense before expiration of the 180 days.

While there was discussion between defense counsel and the prosecutor's office regarding a possible plea, the fact is that after the circuit court arraignment, the case was neither scheduled for trial nor set for a time for defendant to plead until long after the 180-day period had passed.

Under these circumstances, we are not prepared to conclude that this long delay was occasioned by the request of the defendant. On the contrary, we hold that the prosecutor has failed to meet his burden of proof to establish adequate reason for the delay.[4] We, therefore, grant defendant's motion to dismiss for failure to comply with the statutory 180-day rule.

Reversed and the case dismissed.

[4] See *People v Parker,* 21 Mich App 399; 175 NW2d 879 (1970), where we held that the prosecutor's failure to comply with the "180 day rule" resulted in the trial court being without jurisdiction to accept the defendant's guilty plea.